**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

SEMCO, LLC, )
        Plaintiff, )
v. ) No. 11-4026-CV-C-FJG
)
HUNTAIR, INC., )
        Defendant. )

# ORDER

Pending before the Court are (1) Plaintiff's Motion, and Memorandum in Support, to Strike and Dismiss Defendant's Third Affirmative Defense of Defendant's First Amended Answer and Affirmative Defenses to Complaint (Doc. No. 18); and (2) Defendant's Motion for Leave to File Second Amended Answer (Doc. No. 31).

**I.    Background**

On January 19, 2011, plaintiff filed its complaint. In that complaint, plaintiff asserts that Patent No. 6,199,388, with the named inventor, John C. Fischer, Jr. (the "'388 patent") was issued to plaintiff for an invention in "System And Method For Controlling Temperature And Humidity" on March 13, 2001. Plaintiff alleges that defendant has infringed on the '388 patent, and that defendant was notified of the infringement at least as early as June 21, 2010. Plaintiff seeks damages and injunctive relief related to the alleged infringement.

On March 18, 2011, defendant filed its answer (Doc. No. 13). On April 1, 2011, plaintiff filed a motion to strike certain of defendant's affirmative defenses (Doc. No. 15). Thereafter, on April 8, 2011, defendant filed an amended answer (Doc. No. 16). On April 13, 2011, the Court entered its Order denying plaintiff's motion to strike as moot, given that defendant's amended answer was filed within the time period for allowing amended pleadings to be filed as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A). Doc.

No. 17.

On April 18, 2011, plaintiff filed the pending motion to strike defendant's third affirmative defense (Doc. No. 18). On June 8, 2011, defendant filed its motion for leave to file second amended answer (Doc. No. 31).

II. **Plaintiff's Motion to Strike and Dismiss Defendant's Third Affirmative Defense of Defendant's First Amended Answer and Affirmative Defenses to Complaint (Doc. No. 18)**

A. Standard

Fed. R. Civ. P. 12(f) states:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

"Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977).

This Court has found that the Iqbal and Twombly standards apply to the pleading of affirmative defenses. Openmethods, LLC v. Mediu, LLC, Case No. 10-0761-CV-W-FJG, 2011 WL 2292149, *2 (W.D. Mo. June 8, 2011). As discussed in that order:

> Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plaint statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide the defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)(citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 570). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .

2

> Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal quotations omitted). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Id. at * 1.

B. Discussion

Plaintiff asserts that defendant has insufficiently pled its Third Affirmative Defense, which is as follows:

THIRD AFFIRMATIVE DEFENSE

('388 PATENT INVALIDITY)

> 15. Prior art to the '388 patent exists such that the differences between the prior art and the alleged invention of the '388 patent would have been obvious at the time of the alleged invention to a person of ordinary skill in the art. An example of such prior art is U.S. Patent No. 5,758,511 to Yoho et al., "Desiccant Multi-Duel Hot Air/Water Air Conditioning System."
>
> 16. The specification and claims of the '388 patent insufficiently describe and claim the subject matter of the alleged invention, failing to enable a person of ordinary skill in the art to practice the patent.
>
> 17. Therefore, one or more claims of the '388 patent are invalid for failure to comply with the requirements of Title 35, United States Code, §§ 103 and 112.

Doc. No. 16, pp. 3-4. Plaintiff asserts that this affirmative defense merely consists of language taken verbatim from 35 U.S.C. §§ 103 and 112, coupled with one example of prior art in relation to the § 103 claim. Plaintiff requests that the Court strike this affirmative defense, and not allow defendant to file any additional pleading alleging patent invalidity, unless such pleading relates to U.S. Patent No. 5,758,511, as it is prejudicial to plaintiff "to have to continue to address defective invalidity pleadings." Doc. No. 18, p. 10.

Defendant responds that its third affirmative defense complies with Iqbal and Twombly as it gives plaintiff proper notice of the claim that the patent-in-suit is invalid. Defendant further notes that its third affirmative defense is pled no differently than plaintiff's complaint, which did not identify defendant's products which allegedly infringed on the patent-in-suit, or identify the asserted claims of the patent-in-suit.[1] Defendant indicates that to require more of it at this stage would be to impose a higher burden on defendant's defenses than on plaintiff's claim of infringement.

The Court finds that defendant's third affirmative defense is sufficient under Iqbal and Twombly. Although it includes language from the cited statutes, this is unsurprising because the language of those statutes aligns with the elements of the defense. Even though a formulaic recitation of the elements is not enough to meet the standards of Iqbal and Twombly, defendant has done enough to raise a plausible defense by giving an example of prior art. Additionally, the Court agrees with defendant that it would be inequitable to require defendant to meet a pleading standard that plaintiff is not required to meet. See Teirstein v. AGA Medical Corp., Case No. 6:08-CV-14, 2009 WL 704138, at *3, *5 (E.D. Tex. Mar. 16, 2009).

Accordingly, plaintiff's motion to strike (Doc. No. 18) will be **DENIED.**

### III.    Defendant's Motion for Leave to File Second Amended Answer (Doc. No. 31)

---

[1] Notably, plaintiff's complaint follows the form set forth in the Federal Rules of Civil Procedure Appendix Form 18 for a complaint of patent infringement. According to Fed. R. Civ. P. 84, a claim pled in accordance with the Appendix Forms sufficiently satisfies the notice pleading requirements of the Federal Rules of Civil Procedure. See Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010); McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356-58 (Fed. Cir. 2007). Therefore, plaintiff's brief complaint appears to be pled in compliance with the Federal Rules of Civil Procedure.

Defendant indicates that it has recently discovered invalidating prior art, U.S. Patent No. 4,903,503 to Meckler, "Air Conditioning Apparatus," ("the '503 patent"), that provides new grounds for asserting a defense of invalidity of the patent-in-suit and for a counterclaim for declaratory judgment of invalidity.

Fed. R. Civ. P. 15(a)(2) states that a "court should freely give leave [to amend] when justice so requires." "[U]nless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999)(quoting Brown v. Wallace, 957 F.2d 564, 577 (8th Cir. 1992)). Defendant asserts there has been no undue delay as the deadline suggested by the parties for filing amended pleadings is June 22, 2011.[2] Defendant further suggests that the proposed amendment is not futile, not made with bad faith, and not made to delay the case. Defendant further suggests that it will be prejudiced if it is not allowed to assert the proposed defense and counterclaim.

Plaintiff opposes this motion, indicating that the second amended answer possesses the same flaws present in defendant's first amended answer, and that the additional defenses raised in the second amended answer are flawed in the same way as argued in plaintiff's motion to strike (Doc. No. 18, analyzed above). Plaintiff also argues that the counterclaim raised in the second amended answer is defective for the same reasons.

---

[2]Subsequent to the filing of the present motion for leave to file a second amended answer, the Court entered its Scheduling Order (Doc. No. 34), providing an even lengthier period for the filing of motions to amend; the deadline is October 1, 2011. See Doc. No. 34, pp. 2-3.

Plaintiff asserts that leave to amend should be denied as defendant has failed to cure previously allowed amendments, the amendment is futile, and plaintiff would be unduly prejudiced by allowing the amendment.

As noted above in relation to the analysis of plaintiff's motion to strike, however, the Court does not believe defendant's affirmative defenses are defective or futile. Further, there is no undue prejudice to plaintiff to allow this amended pleading, given that this litigation is at a very early stage. Therefore, the Court will **GRANT** defendant's motion for leave to file a second amended answer (Doc. No. 31). Defendant shall file its second amended answer within three days of the date of this Order.

## IV. Conclusion

Therefore, for the foregoing reasons,

1) Plaintiff's motion to strike (Doc. No. 18) is **DENIED**;

2) Defendant's motion for leave to file second amended answer (Doc. No. 31) is **GRANTED**; and

3) Defendant shall file its second amended answer on ECF within three days of the date of this Order.

**IT IS SO ORDERED.**

Dated: July 28, 2011  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  Chief United States District Judge